IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT A. BOYD, an individual,<br><br>Plaintiff,<br>v.<br><br>TAYLOR B. YARDLEY, an individual,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER<br><br>Case No. 2:18-cv-132 CW<br><br>District Judge Clark Waddoups<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiff's Motion to Modify Scheduling Order.[1] (ECF No. 53.) Plaintiff seeks to extend the deadline to amend the pleadings and add parties from April 12, 2021 to July 12, 2021.[2] This is the only date Plaintiff seeks to move. Finding good cause, the court will grant the motion.[3]

This suit concerns alleged violations of copyrights and trade dress, misappropriation of trade secrets, trade dilution, unfair competition, and tortious interference with business relations. *See* Amended Compl., ECF No. 44. "Plaintiff is engaged in the business of taking photos, manipulating those photos to become art, and selling the artwork to galleries, bookstores, and individuals." *Id.* ¶ 7. Plaintiff developed certain techniques and methods to enhance and beautify these photographs and alleges Defendant has improperly copied and misappropriated Plaintiff's work.

---

[1] This case is referred to the undersigned from Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. (ECF No. 17.)

[2] The court notes that Plaintiff filed the motion on April 9, 2021, three days before the deadline to amend the pleadings and add parties was set to expire.

[3] Under Local Rule 7-1(f) the court elects to decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f) (2020).

Plaintiff filed the initial Complaint on February 13, 2018. Since that time there have been a number of stipulated extensions granted by the court and on-and-off settlement negotiations by the parties. Defendant filed a Motion to Dismiss that the court granted in part and denied in part in December 2019, allowing Plaintiff an opportunity to amend. Plaintiff filed an Amended Complaint in January 2020. (ECF No. 44.) And in December 2020, the parties held an attorney planning meeting. Thereafter, the court entered the current operative scheduling order that set the deadline to amend the pleadings and the deadline to add parties as April 12, 2021. (ECF No. 52.)

Under Rule 16(b)(4) of the Federal Rules, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Demonstrating good cause under the rule 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61, 2009 WL 465073, at *3 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir.1994)).

Plaintiff avers there is good cause here to modify the schedule because it is the first request to modify it and the case is still early in the litigation. Defendant takes issue with Plaintiff's characterization of the case, arguing this case is not in its infancy being over three years old, and it is Plaintiff's lack of diligence in prosecuting the case that has led to delays. While the court agrees this case is not in its infancy, and certainly, Plaintiff shoulders some of that blame by not pursuing discovery in earnest at an earlier date, this case is not analogous to the line of cases where a party unjustifiably waited to seek amendment. See *Colorado Visionary Acad. V. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000) (holding the defendants failed to establish good cause in seeking to amend after a sixty-two-day delay). Here, the scheduling order was recently entered in February of this year after extensive settlement discussions and

stipulations by the parties postponing deadlines. This was done against the backdrop of a global pandemic that has altered people's lives and court operations. Given those circumstances, and the federal policy generally encouraging settlement, *see, e.g., Marek v. Chesny*, 473 U.S. 1, 5, 105 S. Ct. 3012, 2014 (1985) ("The plain purpose of Rule 68 is to encourage settlement and avoid litigation."); *TBG, Inc. v. Bendis*, 36 F.3d 916, 924 (10th Cir. 1994) (noting that federal policy generally encourages settlement), the court finds that a minimal amendment to the schedule is justified in this instance under the good cause standard.

Accordingly, Plaintiff's motion is GRANTED. The deadline to amend the pleadings and add parties is moved to July 12, 2021. All other dates in the scheduling order remain the same.

IT IS SO ORDERED.

DATED this 30 April 2021.

_____
Dustin B. Pead
United States Magistrate Judge